Jeanette DOOLEY, Plaintiff,

v.

CITY OF PHILADELPHIA, Police Department of the City of Philadelphia, John F. Timoney, Richard Zappile, Robert Small, John Norris, Defendants.

No. 99–2764.

United States District Court, E.D. Pennsylvania.

Aug. 7, 2001.

Steven M. Coren, Kaufman, Coren & Ress, Philadelphia, PA, John W. Morris, Kaufman, Coren & Ress, Philadelphia, PA, for plaintiff.

Daren B. Waite, Philadelphia, PA, Mark J. Foley, Jessamyne M. Simon, Klett, Lieber, Rooney & Schorling, Philadelphia, PA, Geroge A. Voegele, Jr., Klett, Lieber, Rooney & Schorling, P.C., Philadelphia, PA, for defendants.

## ORDER

LOWELL A. REED, Jr., Senior District Judge.

**AND NOW,** this 7th day of August, 2001, upon consideration of the motion of plaintiff for reconsideration of this Court's memorandum and order issued on June 4, 2001 (Document No. 36), and the response of defendants, this Court finds and concludes the following:

1. On June 4, 2001, this Court issued an order resolving the cross motions of plaintiff and defendants for summary judgment. The Court granted in part and denied in part both motions. *See Dooley v. City of Philadelphia,* 153 F.Supp.2d 628 (E.D.Pa.2001).

2. Despite having substantially prevailed on her motion for summary judgment, plaintiff now asks this Court to reconsider its decision to exclude a number of retaliatory actions allegedly taken against plaintiff by defendants. Specifically, plaintiff wants this Court to allow her to seek damages for (1) alleged sexual rumors passed about plaintiff; (2) alleged intimidation of plaintiff, including surveillance and break-ins; (3) alleged sustaining of a verbal abuse charge against plaintiff; (4) alleged loss of perquisites as a result of her allegedly retaliatory transfer; and (5) alleged retaliation against plaintiff for appearing at a retail theft trial.

3. Plaintiff in a sense has made her own bed and now must sleep in it. Her submissions on the motion for summary judgment failed to clearly articulate what activities she was claiming were protected

and what actions she was asserting as retaliatory. Thus, this Court was left to its own devices in determining precisely the protected activities and retaliatory actions plaintiff was attempting to establish on summary judgment.

■ 4. As to protected activities, the Court concluded that only Dooley's testimony at the federal trial of Michael Vassallo was at issue. This conclusion was gleaned from plaintiff's summary judgment papers which, while mentioning other courtroom testimony, focused almost exclusively on plaintiff's testimony at the 1998 federal trial. Plaintiff now claims that this Court also should consider her appearance at Vassallo's 1997 theft trial a protected activity. The Court concluded that that testimony was not at issue in its June 4, 2001 memorandum. *See Dooley,* 153 F.Supp.2d at 637, n. 2. Plaintiff has given me no reason to revisit that conclusion. Even if Dooley's 1997 appearance was a protected activity, plaintiff has not adduced sufficient evidence to demonstrate that retaliatory actions were taken against her because of that appearance. While it appears that some individuals in the Philadelphia Police Department and the Philadelphia District Attorney's office were displeased by her 1997 appearance, plaintiff's evidence fails to establish a causal nexus between her 1997 appearance and any specific retaliatory action. The Internal Affairs memorandum that led to plaintiff's suspension addressed her appearance at the 1997 theft trial found that the allegation that she had appeared at that trial improperly was not sustained, and recommended no discipline on the basis of her appearance. Plaintiff connects no other retaliatory actions to the 1997 theft trial appearance in a way that would allow a reasonable jury to infer a causal link. Therefore, I reaffirm my conclusion that plaintiff has failed to present evidence

from which a reasonable jury could find that her appearance at the 1997 theft trial of Vassallo was causally related to any discipline she suffered.

5. As for the other retaliatory acts, again, while these were mentioned in plaintiff's summary judgment papers, plaintiff's papers focused almost exclusively on formal measures such as suspensions, censure, and other forms of discipline, and transfer. Therefore, the Court granted defendants' motion for summary judgment as to the adverse employment actions contained in paragraphs 28–33, 37, 41(i)(iii), (v)—(viii), and 45. While I believe the reasons given in the June 4, 2001, memorandum for rejecting these adverse actions were sufficient, I will address them specifically.

6. Plaintiff first claims that the department's decision in January 1998 to sustain a verbal abuse charge against her constituted retaliation for her appearance at the Vassallo's August 1997 theft trial and testimony at Vassallo's November 1997 bail hearing. Even assuming those were protected activities, plaintiff has failed to establish a causal link between those court appearances and the department's decision to sustain the verbal abuse charge. The temporal proximity here is not nearly as compelling as it was in other circumstances where this Court found a causal nexus. I conclude that a reasonable jury could not find that the department's decision to sustain a verbal abuse charge against Dooley in January 1998 was intended to retaliate against her for a protected activity.

■ 7. Plaintiff next claims that the defendants cultivated rumors of improper sexual relations between her and Vassallo. Plaintiff's evidence here is weak. Beyond her general allegations that she believed defendants spread rumors about her, she cites not one piece of evidence that any of

the individual defendants passed such rumors. She points to an interview conducted during an EEO investigation in which a police officer claimed that defendant Richard Zappile responded to a request that he say a few words about the officers of the 14th District by asking: "Should I say a few words about Captain Dooley and Sgt. Vassallo?" and accusing the police officer (not Dooley) of having a relationship with Vassallo. (Exh. F to Plaintiff's Motion for Reconsideration, EEO Notes of Interview of Susan Simon, July 28, 1998.) Even if this double hearsay statement were admissible, standing alone, it would not allow a reasonable jury to conclude that Zappile had spread rumors of an improper sexual relationship between Dooley and Vassallo. There is no evidence that other individual defendants engaged in such conduct. Thus, I affirm my conclusion that there is no genuine issue of material fact as to whether the defendants spread rumors about a sexual relationship between Dooley and Vassallo.

■ 8. Likewise, plaintiff is on thin evidentiary ice with her allegation that defendants engaged in surveillance of her. Dooley testified at her deposition to a number of troubling events, including: damage to her automobile by other officers, the efforts of one police officer to break into a building on her private property, a vehicle inquiry related to her automobiles forwarded to an Internal Affairs officer, and an incident in which her tail light was shot out while she was driving. Even accepting completely her accounts of these events, her testimony and other evidence fails to link these events to any of the individual defendants or to a policy or practice within the police department. A reasonable jury could not find from her deposition testimony or other evidence that any of the individual defendants authorized or participated in any of these "surveillance" events. Therefore, I reaffirm that defendants are entitled to summary judgment as to these actions.

9. Plaintiff also seeks the reinstatement of her intentional infliction of emotional distress claim on the basis of these "unofficial" acts of retaliation. However, because I have concluded that there is insufficient evidence from which a reasonable jury could link these actions to the defendants, I reaffirm my conclusion that plaintiff has failed to establish sufficiently outrageous or intentional conduct on the part of the defendants or any one of them to survive summary judgment on her intentional infliction of emotional distress claim.

■ 10. The only meritorious claim raised by plaintiff is that this Court inadvertently granted summary judgment in favor of the City of Philadelphia as to the adverse employment action alleged in ¶ 41(v), which recounts that as part of her transfer to Night Command, plaintiff lost perquisites associated with her prior position. The loss of those perquisites is, of course, part and parcel of her allegation that the transfer was retaliatory, and thus, plaintiff is entitled to seek recovery for those alleged damages, which allegedly flowed directly from her transfer to Night Command. Plaintiff's motion for reconsideration will be granted on this ground only.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is GRANTED only as to the allegation set forth in ¶ 41(v) of the complaint, and DENIED in all other respects.

IT IS FURTHER ORDERED that the Court's decision to grant summary judgment as to plaintiff's claim for loss of perquisites resulting from her transfer to night command, as alleged in ¶ 41(v) of the complaint is hereby VACATED, and de-

fendants' motion for summary judgment is **DENIED** as to that claim, for the reasons set forth in the June 4, 2001, memorandum.